# EXHIBIT A

## Complaint & Summonses

Electronically Filed
11/12/2020 7:20 PM
Steven D. Grierson
CLERK OF THE COURT

1

2  JAMES P. KEMP, ESQ.
   Nevada Bar No.: 6375
3  VICTORIA L. NEAL, ESQ.
   Nevada Bar No.: 13382
4  KEMP & KEMP
   7435 W. Azure Drive, Suite 110
5  Las Vegas, NV 89130
   702-258-1183 ph /702-258-6983 fax
6  jp@kemp-attorneys.com
   vneal@kemp-attorneys.com
7
   Attorneys for Plaintiff
8  *Vanessa Wuthrich*

CASE NO: A-20-824708-C
Department 25

9                    **DISTRICT COURT**

10              **CLARK COUNTY, NEVADA**
                          ***

11

12  VANESSA WUTHRICH,                    | Case No.:

13                        Plaintiff,     | Dept. No.:

14  vs.                                  | **COMPLAINT**

15                                       |
                                         | **JURY TRIAL DEMANDED**
16  INTELIDENT SOLUTIONS, LLC, a Foreign |
    Corporation; COAST DENTAL SERVICES,  |
17  LLC, a Foreign Corporation; COAST    | **Arbitration Exemption: action seeking**
    DENTAL OF NEVADA, INC., a Domestic   | **equitable or extraordinary relief.**
18  Corporation; KATHERINE BALMER, an    |
    individual; and, DOES I-X and ROE    |
19  CORPORATIONS I-X,                    |
                        Defendants.      |
20

21

22         COMES NOW VANESSA WUTHRICH, by and through his counsel, James P. Kemp, Esq.,

23  and Victoria L. Neal, Esq., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges

24  causes of action against the Defendants as follows:

25

26

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

1

**JURISDICTION ALLEGATIONS**

1.  This is a civil action for damages brought by VANESSA WUTHRICH (herein "Plaintiff") against her former employers COAST DENTAL SERVICES, LLC, and COAST DENTAL OF NEVADA, INC., (herein Defendants) for their (1) retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3); (2) failure to pay all lawful wages/overtime for time worked pursuant to the Fair Labor Standards Act, 29 U.S.C.§201, *et seq.* ("FLSA"); (3) failure to pay all lawful wages/overtime for time worked pursuant to Nevada state law; (4) violation of Nevada Revised Statute § 608.190 (5) wages due and owing under NRS 608.020-NRS 608.050; (6) defamation; (7) breach of contract; and, (8) breach of the implied covenant of good faith and fair dealing.

2.  All Defendants have, as alleged *infra*, acted "directly or indirectly in the interest of an employer" in relation to Plaintiff, and all Defendants are alleged to have been jointly and severally liable joint employers of Plaintiff during all relevant time periods they were so acting.

3.  The Court has jurisdiction of the parties named herein and the subject matter of this case.

4.  This action has been timely filed.

5.  The claims are in excess of $15,000.

**PARTIES**

6.  Plaintiff is a resident of Clark County, Nevada and was at all relevant times mentioned herein an employee at the Defendants' place of business in Clark County, Nevada.

7.  Defendant INTELIDENT SOLUTIONS, LLC is a foreign Corporation registered with the Nevada Secretary of State to do business in the State of Nevada.

8.  Defendant INTELIDENT SOLUTIONS, LLC has continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

9.  Defendant INTELIDENT SOLUTIONS, LLC is an employer for purposes of the Fair Labor Standards Act.

10. Defendant COAST DENTAL SERVICES, LLC is a foreign Corporation registered with the Nevada Secretary of State to do business in the State of Nevada.

11. Defendant COAST DENTAL SERVICES, LLC has continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce.

12. Defendant COAST DENTAL SERVICES, LLC is an employer for purposes of the Fair Labor Standards Act.

13. Defendant COAST DENTAL OF NEVADA, INC. is a Nevada Limited Liability Corporation.

14. Defendant COAST DENTAL OF NEVADA, INC. has continuous and ongoing business operations in the state of Nevada and Clark County, engages in an industry affecting commerce.

15. Upon information and belief, Defendant KATHERINE BALMER is a resident of Clark County, Nevada and was at all relevant times mentioned herein.

16. Defendant KATHERINE BALMER is an employer for purposes of the Fair Labor Standards Act.

17. Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint.

18. Unless otherwise by way of right, Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

004

CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE

CORPORATION Defendants are ascertained.

## FACTS COMMON TO ALL CLAIMS

1.   The employment relationship alleged to exist between the parties is subject to the FLSA

as INTELIDENT SOLUTIONS, LLC, COAST DENTAL SERVICES, LLC, COAST DENTAL OF

NEVADA, INC., and KATHERINE BALMER are properly deemed "employers" because they have

acted "directly or indirectly in the interest of an employer in relation to any employee," and more

specifically in relation to Plaintiff. Defendants have also done so on behalf of the interests of "an

enterprise engaged in commerce or the production of goods for commerce" within the meaning of

the FLSA that has in excess of $500,000 in yearly revenue and the employment alleged involved the

use or handling of goods that have moved or were moving in interstate commerce, as those terms are

defined in the FLSA.

2.   Plaintiff began working for Defendants in June 2019. Plaintiff was designated as "Front

Office Staff" and given a job title of "Office Manager."

3.   Plaintiff met or exceeded all of Defendants' reasonable expectations in the performance of

her duties and received no discipline during her tenure of employment.

4.   Plaintiff's FLSA non-exempt job duties included opening the office, answering phones,

performing customer service, selling treatment plans,  making sure schedules were full and

treatments coordinated, checking patients out, and making sure the doctors had what they needed.

5.   Plaintiff was paid $50,000.00 per year or $24.04 per hour for a 40-hour work week.

6.   Plaintiff performed her job duties five to six days per week and during most, if not all

weeks of employment, worked more than 50 hours per week. As one example, for the workweek of

July 7, 2019 through July 13, 2019, Plaintiff worked six days totaling 64.25 hours. Although her

1   time was approved, Defendants did not pay Plaintiff any overtime wages. As another example, for

2   the workweek of August 18, 2019 through August 24, 2019, Plaintiff worked six days totaling 66.25

3   hours. Although her time was approved, Defendants did not pay Plaintiff any overtime wages.

7.   Defendants' violations alleged herein were intentional and willful and were done with the

specific approval of Defendants. Defendants' conduct as alleged herein was malicious, or in reckless

disregard of Plaintiff's rights.

8.   In the alternative, Plaintiff had a contract with Defendants stating she would be paid

$50,000.00 per year or $24.04 per hour for a 40-hour work week and guaranteed in writing that "[a]n

overtime rate of one and one-half [her] regular rate of pay shall be paid for all hours worked in

excess of forty (40) hours in a workweek."

9.   After receiving her first paycheck, Plaintiff spoke with her District Manager Katherine

Balmer (herein "Balmer"), asking why she had not been paid overtime and demanded the same.

After more than a week, Balmer told Plaintiff she would not be getting overtime.

10. On several occasions, Plaintiff demanded she be paid her overtime. This included in front

of witnesses. Defendants refused. In addition, Plaintiff informed Balmer that she would be

contacting human resources and the Department of Labor about her overtime wages, as well as other

staff members.

11. On or about October 21, 2019, Plaintiff called the corporate office to report serious

ongoing issues with Balmer including her treatment of staff, irregular and unlawful billing practices

being undertaken by Balmer, and that Plaintiff and other staff members were not being paid in

accordance with the law. Plaintiff was engaging in protected activity by making her employer aware

of the issues including its failure to properly pay its employees.

12. On October 21, 2019, Plaintiff called and sent a faxed from Defendants' fax machine to the United States Department of Labor (herein "DOL") regarding Defendants' failure to pay her properly. Plaintiff was engaging in protected activity by making a formal complaint to the DOL.

13. On October 28, 2019, Balmer called Plaintiff to inform her that a program she had suggested implementing was not going forward. Balmer told Plaintiff the program was not going forward because of "what she had done." Balmer repeated several more times "you know what you did." Later that day it was revealed that Balmer knew Plaintiff had made a formal complaint to the DOL about Defendants' wage violations.

14. Defendants terminated Plaintiff's employment on or about November 5, 2019, less than two-weeks after she had filed a formal complaint with the DOL.

15. Terminating Plaintiff was an adverse employment action.

16. On or about October 18, 2019, Plaintiff learned that Balmer was making oral statements to unprivileged third parties, clients to include staff and providers, accusing Plaintiff of wrongful and unlawful activities. This included, among others, clients Maureen Wilson and Cheryl Z, Drs. Patel and Kinfu, and staff Evelyn Merrill and Danielle Yeager.

17. Defendants' oral statements to the unprivileged third parties included accusing Plaintiff of fraudulently billing insurance companies for services that were performed by a provider other than the provider who rendered the services.

18. Defendants' statements were false, and the information communicated imputed to Plaintiff the commission of a crime including, but not limited to fraud under Nevada Revised Statute 686A.2815.

19. The false and defamatory statements by Defendants were of a type that would tend to harm Plaintiff in her trade, occupation, profession, or business.

20. Such false and malicious accusations tend to harm Plaintiff in her trade, occupation, profession, or business and is per se defamatory under Nevada law.

21. Defendants are liable for all foreseeable publications of the false and defamatory statements.

22. Defendants acted with malice and ill will towards Plaintiff in disclosing information for which there was no reasonable grounds to believe was accurate and, thereby, recklessly and intentionally disclosed false, inaccurate and misleading information in an attempt to harm Plaintiff. It was reasonably foreseeable under the facts and circumstances that a person with ordinary intelligence and prudence could have anticipated that such conduct would result in injury to Plaintiff.

## FIRST CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

23. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

24. Pursuant to 29 U.S.C. § 215(a)(3) it is a violation of the Fair Labor Standards Act for any person to discharge or to discriminate in any other manner or to retaliate against an employee who has filed any complaint or instituted or caused to be instituted any proceeding under the Fair Labor Standards Act.

25. As detailed above, Plaintiff engaged in protected activity under the Fair Labor Standards Act by reporting, complaining, and demanding she be paid in accordance with the law. As well as, reporting that other office staff were not being paid in accordance with the Fair Labor Standards Act.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

26. As detailed above, Defendants were aware of Plaintiff engaging in protected activity when she complained about unpaid wages/overtime to Defendants and to the DOL, and when she demanded she be paid in compliance with the Fair Labor Standards Act.

27. As detailed above, Defendants retaliated against Plaintiff by terminating her employment because she made the complaint to the DOL.

28. As detailed above Defendants' terminated Plaintiff's employment on the heels of her DOL complaint, less than two-weeks, after engaging in that protected activity.

29. There is a causal connection between Plaintiff's engaging in the protected activity of reporting to the DOL with her termination.

30. Plaintiff's protected activity was a substantial motivating factor in the adverse employment action.

31. Defendants' actions were of a kind that would be likely to discourage or dissuade its employees from asserting their rights under federal law or from opposing Defendants' unlawful conduct under the Fair Labor Standards Act.

32. Defendants' actions were retaliatory, illegal, and actionable under the Fair Labor Standards Act.

33. Plaintiff suffered mental anguish, embarrassment, shame, loss of reputation, and emotional distress as a direct and proximate result of Defendants' actions.

34. Plaintiff has suffered and will suffer lost wages and/or benefits as a direct and proximate result of the actions of the Defendants.

35. The actions of the Defendants were willful, malicious, fraudulent, or oppressive, or in reckless disregard of Plaintiffs rights under the FLSA and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under federal law.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

36. Plaintiff has been required to hire an attorney and expend fees and costs to pursue her rights through this action and is entitled to recover her fees and costs from Defendants.

### SECOND CAUSE OF ACTION:
### VIOLATION OF THE FAIR LABOR STANDARDS ACT –
### FAILURE TO PAY WAGES/OVERTIME

37. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

38. Pursuant to the applicable provisions of the Fair Labor Standards Act., 29 U.S.C. § 206 and/or §207, Plaintiff was entitled to an overtime hourly wage of time and on-half her regular hourly wage for all hours worked in excess of forty (40) hours per week.

39. As detailed above, Plaintiff worked more than (40) hours per weeks for Defendants during most (if not all) of the weeks during which she worked for Defendants.

40. As detailed above, Defendants did not pay Plaintiff her earned overtime hours.

41. As detailed above, Defendants willfully and intentionally failed to make any overtime payments to Plaintiff.

42. Plaintiff is entitled to a judgement for overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of hours worked and wages actual paid to Plaintiff.

43. Plaintiff is also entitled to and seeks an award of attorneys' fees, costs, and interest as provided by the Fair Labor Standards Act.

…

…

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

9

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

### THIRD CAUSE OF ACTION:
### VIOLATION OF NEVADA OVERTIME WAGE LAW

44. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

45. Defendants have failed to Plaintiff overtime wages for all hours worked in excess of 8 hours per day, or 40 hours per week in violation of NRS 608.018.

46. Defendants are liable for overtime wages owed to Plaintiff at the rate of 1.5 times her hourly rate of pay for all hours worked in excess of 8 hours per day or 40 hours per week,

47. As detailed above, Plaintiff worked more than (40) hours per weeks for Defendants during most (if not all) of the weeks during which she worked for Defendants.

48. As detailed above, Defendants did not pay Plaintiff her earned overtime hours.

49. As detailed above, Defendants willfully and intentionally failed to make any overtime payments to Plaintiff.

50. Plaintiff is entitled to a judgement for overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of hours worked and wages actual paid to Plaintiff.

51. Plaintiff is also entitled to and seeks an award of attorneys' fees, costs, and interest.

### FOURTH CAUSE OF ACTION:
### VIOLATION OF NEVADA REVISED STATUTE §608.190

52. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

10

53. Defendants have unlawfully violated the requirements of NRS 608.190 which provides as follows:

> **NRS 608.190 Willful failure or refusal to pay wages due prohibited.** A person shall not willfully refuse or neglect to pay the wages due and payable when demanded as provided in this chapter, nor falsely deny the amount or validity thereof or that the amount is due with intent to secure for the person, the person's employer or any other person any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom such indebtedness is due.

54. As detailed above, Defendant willfully refused and/or neglected to pay Plaintiff her wages/overtime due and payable despite several demands made therefor.

55. As detailed above, Defendants falsely denied the validity of or the amount of the Plaintiff's unpaid wages with the intent to secure a discount upon the indebtedness that it has for Plaintiff's wages.

56. As detailed above, Defendants have refused and/or neglected to pay Plaintiff her due and payable wages, and/or has falsely denied the validity of or the amount of Plaintiffs unpaid wages with the intent to annoy, harass, oppress, hinder, delay or defraud the Plaintiff.

57. Plaintiff has suffered damages as a result of Defendants' violations of NRS § 608.190.

58. Plaintiff has suffered and will suffer lost wages and/or benefits as a direct and proximate result of the actions of the Defendants.

59. The actions of the Defendants were willful, malicious, fraudulent, or oppressive, or in reckless disregard of Plaintiffs rights under the FLSA and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under federal law.

60. Plaintiff has been required to hire an attorney and expend fees and costs to pursue her rights through this action and is entitled to recover her fees and costs from Defendants.

...

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

11

012

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ◆ Fax (702) 258-6983

**FIFTH CAUSE OF ACTION**:
## WAGES DUE AND OWING WITH STATUTORY PENALTY UNDER
### NRS 608.020/608.040

61. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

62. Defendants failed and neglected to timely pay Plaintiff her final wages in accordance with NRS 608.020/608.040 in that they failed to pay to Plaintiff her final wages when due to the plaintiff upon her employment being terminated or within 3 days thereafter.

63. Plaintiff has bee forced to expend costs and incur fees to hire an attorney to pursue her rights under the law.

**SIXTH CAUSE OF ACTION**:
**DEFAMATION PER SE**

64. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

65. On one or more occasions Defendants told one or more third persons orally that the Plaintiff was committing a crime including, but not limited to fraud under Nevada Revised Statute 686A.2815.

66. The statements of and concerning Plaintiff were made as statement of fact and not of mere opinion.

67. The statements of and concerning Plaintiff would tend to harm her in her trade, occupation, profession, or business.

68. The statements of and concerning Plaintiff were false and defamatory.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

69. Defendants published the false and defamatory statement knowing they were false or with reckless disregard for the truth and/or with actual malice or malice in fact. Each publication and/or publication is a separate, distinct, and actionable tortious act.

70. The false and defamatory statements by Defendants were of a type that would tend to harm her in her trade, occupation, profession, or business.

71. Plaintiffs reputation and character were harmed causing him actual pecuniary and special damages including, but not limited to lost income.

72. The false and defamatory statements of and concerning Plaintiff published by the Defendants constitute per se defamation.

73. Damages are presumed.

### SEVENTH CAUSE OF ACTION:
### BREACH OF CONTRACT

74. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

75. Defendants and Plaintiff entered into a contract whereby Defendant employed Plaintiff to work as "Front Office Staff" and given a job title of "Office Manager."

76. The terms were that the Plaintiff would work 40 hours per week for Defendants in return for wages of $50,000.00 per year and would be paid "[a]n overtime rate of one and one-half [her] regular rate of pay shall be paid for all hours worked in excess of forty (40) hours in a workweek."

77. Plaintiff fully performed, but Defendants demanded or required Plaintiff to work in excess of the number of hours that she agreed to and then failed and refused to pay her additional compensation for the extra hours.

13

014

78. There was an offer, and acceptance, and consideration to support the formation of a contract. There was a meeting of the minds and mutual promises to perform.

79. Defendants breached the contract was formed and existed between the parties.

80. Plaintiff suffered damages in that she was not provided performance by Defendants as agree and she thereby lost the benefit of her bargain. The approximate unpaid wages damages are $9000.00 subject to adjustment according to the proof at trial.

81. Plaintiff had performed or met all her obligations including any conditions precedent to Defendants' obligation to perform.

82. Plaintiff suffered incidental and consequential damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION:
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Contractual)

83. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

84. Plaintiff and Defendants entered into a contract.

85. Defendants owned a duty of good faith and fair dealing to Plaintiff arising from the contract.

86. Defendants breached the duty of good faith and fair dealing by engaging in misconduct.

87. Plaintiff suffered damages as a result of the breach of the implied covenant of good faith and fair dealing as more particularly set forth herein.

...

...

14

015

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE** against each Defendant, Plaintiff expressly reserves the right to amend her Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands all applicable relief including, but not limited to:

A. All applicable relief provided for under the Fair Labor Standards Act and Nevada state law including but not limited to:

1. Lost wages measured from the date of Plaintiff's termination to the date of judgement.

2. Compensatory damages;

3. Liquidated damages;

4. General damages including emotional distress and general economic harm;

5. Punitive and/or Exemplary damages to deter Defendants from future malicious, fraudulent, and oppressive conduct of a similar nature;

6. Punitive damages in excess of $15,000.00;

7. Money Damages for Plaintiffs unpaid final wages and the statutory penalty of thirty (30) day's pay at Plaintiff s regular rate of pay in accordance with NRS 608.040 or NRS 608.050

8. Money damages for unpaid overtime, salary, wages, employment benefits, or other compensation denied or lost due to the violations of law by Defendants;

9. Interest on the amounts awarded at the prevailing rate;

10. All applicable remedies for Defendants' violation of NRS 608.190

11. Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

1   B. All applicable remedies provided for under Nevada Constitution Article 15, Section 16,

2   including "all remedies available under the law or in equity appropriate to remedy any

3   violation of this section, including but not limited to back pay, damages, reinstatement or

4   injunctive relief. An employee who prevails in any action to enforce this section shall be

5   awarded his or her reasonable attorney's fees and costs."

6

7   C. All damages for the loss of the benefit of the bargain for breach of contract and breach

8   of the implied covenant of good faith and fair dealing, along with any incidental and

9   consequential damages as may be proved at trial;

10  D. All applicable remedies for Defendant's violation of N.R.S. § 608.018 failure to pay

11  overtime.

12
    E. Nominal damages;
13
    F. Equitable relief as may be appropriate;
14
15  G. Pre-judgment and Post-judgment interest on all applicable sums due.

16  H. For trial by jury on all issues that may be tried to by a jury.

17  I. For such other and further relief as the Court may deem just and proper.

18      Dated this 12th day of November 2020.

19

20                              /s/ Victoria L. Neal
                            JAMES P. KEMP, ESQ.
21                          Nevada Bar No.: 6375
                            VICTORIA L. NEAL, ESQ.
22                          Nevada Bar No.: 13382
                            KEMP & KEMP
23                          7435 W. Azure Drive, Suite 110
24                          Las Vegas, NV 89130

25                          Attorneys for Plaintiff
                            *Vanessa Wuthrich*
26
27
28

16                                          017

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

VANESSA WUTHRICH,
                     Plaintiff,

vs.

INTELIDENT SOLUTIONS, LLC, a Foreign
Corporation; COAST DENTAL SERVICES,
LLC, a Foreign Corporation; COAST DENTAL
OF NEVADA, INC., a Domestic Corporation;
KATHERINE BALMER, an individual; and,
DOES I-X and ROE CORPORATIONS I-X,
                     Defendants.

CASE NO.: A-20-824708-C

DEPARTMENT NO.: 25

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**INTELIDENT SOLUTIONS, LLC, a Foreign Corporation**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

J.P. KEMP, ESQ.,
Nevada Bar No. 006375
VICTORIA L. NEAL, ESQ.
Nevada Bar No. 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorneys for Plaintiff

STEVEN D. GRIERSON
CLERK OF COURT

By: _____  11/13/2020
   Deputy Clerk        Date
  Robyn Rodriguez

NOTE: When service is by publication, add a brief statement of the object of the action.
      See Rules of Civil Procedure 4(b).

STATE OF _____ )
                        )ss:                          **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____
_____
on the _____ day of _____, 20_____ and served the same on the _____ day of
_____, 20_____ by:

### (Affiant must complete the appropriate paragraph)

1.    Delivering and leaving a copy with the Defendant _____at (state address) _____
      _____.

2.    Serving the Defendant _____ by personally delivering and leaving a copy with
      _____, a person of suitable age and discretion residing at the Defendant's usual
      place of abode located at: (state address) _____.

           (Use paragraph 3 for service upon agent, completing A or B)

3.    Serving the Defendant _____by personally delivering and leaving a
      copy at (state address) _____
      _____.

      a.   With _____ as _____ , an agent lawfully designated by
           statute to accept service of process;
      b.   With _____, pursuant to NRS 14.020 as a person of suitable age and discretion
           at the above address, which address is the address of the resident agent as shown on the current certificate of
           designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage
      prepaid (Check appropriate method):

                 _____ Ordinary mail
                 _____ Certified mail, return receipt requested
                 _____ Registered mail, return receipt requested

      addressed to the Defendant _____ at Defendant's last known address which is
      (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                    _____
                                                    Signature of person making service

(b)   If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the
      foregoing is true and correct."

                                                    _____
                                                    Signature of person making service

019

SUMM

## DISTRICT COURT

## CLARK COUNTY, NEVADA

VANESSA WUTHRICH,                          )
                        Plaintiff,          )
                                            )
vs.                                         )
                                            )   CASE NO.: A-20-824708-C
INTELIDENT SOLUTIONS, LLC, a Foreign        )
Corporation; COAST DENTAL SERVICES,         )   DEPARTMENT NO.: 25
LLC, a Foreign Corporation; COAST DENTAL    )
OF NEVADA, INC., a Domestic Corporation;    )   **SUMMONS**
KATHERINE BALMER, an individual; and,       )
DOES I-X and ROE CORPORATIONS I-X,          )
                        Defendants.         )
                                            )

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

COAST DENTAL SERVICES, LLC, a Foreign Corporation

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

Submitted by:

_J.P. KEMP, ESQ.,_
J.P. KEMP, ESQ.,
Nevada Bar No. 006375
VICTORIA L. NEAL, ESQ.
Nevada Bar No. 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorneys for Plaintiff

By: _Robyn Rodriguez_     11/13/2020
    Deputy Clerk              Date
    Robyn Rodriguez

020

NOTE: When service is by publication, add a brief statement of the object of the action.
       See Rules of Civil Procedure 4(b).

STATE OF _____ )
                         )ss:                    **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant _____at (state address) _____
      _____.

2.    Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

      (Use paragraph 3 for service upon agent, completing A or B)

3.    Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____
      _____

      a.    With _____ as _____ , an agent lawfully designated by statute to accept service of process;
      b.    With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

                  _____ Ordinary mail
                  _____ Certified mail, return receipt requested
                  _____ Registered mail, return receipt requested

      addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                        _____
                                                        Signature of person making service

(b)   If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                                        _____
                                                        Signature of person making service

021

SUMM

## DISTRICT COURT

## CLARK COUNTY, NEVADA

VANESSA WUTHRICH,                    )
                    Plaintiff,       )
                                     )
vs.                                  )
                                     )   CASE NO.: A-20-824708-C
INTELIDENT SOLUTIONS, LLC, a Foreign )
Corporation; COAST DENTAL SERVICES,  )   DEPARTMENT NO.: 25
LLC, a Foreign Corporation; COAST DENTAL )
OF NEVADA, INC., a Domestic Corporation; )   **SUMMONS**
KATHERINE BALMER, an individual; and, )
DOES I-X and ROE CORPORATIONS I-X,   )
                    Defendants.      )

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### COAST DENTAL OF NEVADA, INC., a Domestic Corporation

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your   response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

_____
J.P. KEMP, ESQ.,
Nevada Bar No. 006375
VICTORIA L. NEAL, ESQ.
Nevada Bar No. 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorneys for Plaintiff

STEVEN D. GRIERSON
CLERK OF COURT

By: _____   11/13/2020
    Deputy Clerk          Date
    Robyn Rodriguez

022

NOTE: When service is by publication, add a brief statement of the object of the action.
　　　　See Rules of Civil Procedure 4(b).

STATE OF _____ )
　　　　　　　　　　　　　　 )ss:　　　　　　　　**AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____
_____
on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

### (Affiant must complete the appropriate paragraph)

1.　　Delivering and leaving a copy with the Defendant _____at (state address) _____
　　　_____.

2.　　Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

### (Use paragraph 3 for service upon agent, completing A or B)

3.　　Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____
　　　_____.

　　　a.　　With _____ as _____ , an agent lawfully designated by statute to accept service of process;
　　　b.　　With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.　　Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

　　　　　　　_____ Ordinary mail
　　　　　　　_____ Certified mail, return receipt requested
　　　　　　　_____ Registered mail, return receipt requested

　　　addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)　　If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Signature of person making service

(b)　　If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Signature of person making service